IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAINE CARVER, | Civil Action No. 15-26J |
| Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| PA DEPARTMENT OF CORRECTIONS et al., | ECF Nos. 7-10 |
| Respondents. | |

## ORDER

Petitioner filed four motions on March 2, 2015. Each will be addressed in turn.

First, Petitioner moves for the appointment of counsel to assist him in prosecuting his Petition for Writ of Habeas Corpus. (ECF No. 7.) However, there is no right to appointed counsel in a federal habeas corpus case. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[the Supreme Court] had never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"). The right to counsel in a non-capital case extends only through trial and the first appeal as of right. McClesky v. Zant, 499 U.S. 467, 495 (1991).

It is extremely difficult to locate counsel trained in this area of law and willing to accept these cases on a pro bono basis. Except in those habeas corpus cases where an evidentiary hearing is required, and not until that time, is the appointment of counsel required. See Rules Governing Section 2254 Cases, Rule 8 (c). Prior to such occurrence, the appointment of counsel is discretionary when it is in the interest of

justice to do so. Id.

Factors the court is to consider in determining whether counsel should be appointed include the factual and legal complexity of the case, the petitioner's ability to investigate facts and present claims, the extent of factual disagreement between the parties, the arguable meritoriousness of the petition, the presence or absence of facial defects, such as non-exhaustion of state remedies, or the probable need for an evidentiary hearing. See Beasley v. Holland, 649 F.Supp. 561 (S.D.W.Va. 1986), appeal dismissed 841 F.2d 1122 (4th Cir. 1988), cert. denied 488 U.S. 860 (1988); Watson v. United States, 1997 U.S. Dist. LEXIS 15604 (D. Pa., 1997) (citing Reese v. Fulcomer, 946 F.2d 247 at 263-64 (3rd Cir. 1991).

The Third Circuit, in a civil rights case involving a pro se plaintiff proceeding *in forma pauperis* pursuant to 28 U.S. C. §1915(d)[1], Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994), identified standards to be considered by the district courts in exercising their discretion whether to "appoint"[2] counsel. This Court has not found case law indicating that these standards may not also be utilized in determining whether counsel should be appointed in a habeas corpus action. Under Tabron, the court must first consider the merits of the plaintiff's claim. It should not appoint counsel unless it appears that the claim has some merit in fact and law. Tabron, 6 F.3d at 155. Other factors include the plaintiff's ability to present his or her case; the plaintiff's education, literacy, prior work experience, prior litigation experience,

---

[1] Since that decision, the statute has been amended and the appointment of counsel language is found at subsection (e).

[2] 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. *See* Mallard

ability to understand English; restraints placed upon him or her by confinement; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery and compliance with complex discovery rules; whether the case is likely to turn on credibility determinations; whether the case will require testimony from expert witnesses; and whether an indigent plaintiff could retain counsel on his or her own behalf.

The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel:

> the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

6 F.3d at 157. The same could be said for petitions for habeas corpus.

The Tabron court recognized that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. Id. at 157, n.7. The court also recognized that volunteer lawyer time is extremely valuable and district courts should not request counsel under § 1915(d) indiscriminately. Id. at 157. Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

The allegations in the present case do not require the appointment of counsel.
_____
v. United States District Court, 490 U.S. 296 (1989).

There is certain to be an underlying state court record, which will enable the Court to fully review the case.  In addition, the Court receives numerous Petitions for Habeas Corpus filed by pro se litigants, many of whom request counsel. The Court is not unsympathetic to the difficulty of pursuing this type of case without legal counsel. Unfortunately, as stated above, few lawyers are willing and capable of taking these cases on a pro bono basis.  Therefore, unless the Court concludes that an evidentiary hearing is necessary in this case, and given the shortage of lawyers qualified and willing to represent petitioners in habeas corpus cases on a pro bono basis, Petitioner's request for counsel will be denied.

Next, Petitioner requests an evidentiary hearing.  (ECF No. 8.)  At this time, this request will be denied without prejudice.  The Court will determine whether an evidentiary hearing is warranted when it takes Petitioner's Petition for Writ of Habeas Corpus under advisement.  However, Petitioner should know that under the United States Supreme Court's ruling in the matter of Cullen v. Pinholster, 131 S. Ct. 1388 (2011) and the Third Circuit's ruling in Brown v. Wenerowicz, 2011 WL 6091408 (C.A.3 Pa.), there are very limited circumstances under which a federal district court may hold an evidentiary hearing on a petition for writ of habeas corpus.

Next, Petitioner moves for a Preliminary Injunction and/or a Temporary Restraining Order.  (ECF No. 9.)  Petitioner requests that the Court order the cessation of withdrawals from his prison account.  He claims that the withdrawals are "fraudulent" because he has not been granted the relief to which he believes he is entitled.  Because of this, he wants the Court to stop payment on the filing fees that he still owes for the cases he has filed litigating this issue.  The Court denies his request because

filing fees are required whether the petitioner or plaintiff is granted relief.  See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707) (7th Cir. 1999), for the observation that the prisoner's legal obligation to pay the filing fee or obtain *in forma pauperis* status is automatically incurred by the very act of raising a legal claim).  To the extent he requests the Court to grant him *in forma pauperis status*, his request is denied as moot because he has already paid the $5.00 filing fee.

Finally, Petitioner moves for a Rule to Show Cause requesting that the Court order Respondents to show cause why his Petition should not be granted.  (ECF No. 10.)  Because this case is in its infancy, however, the Petition has not yet been served.  When the Petition is served, the Court will order Respondents to Answer the petition in accordance with relevant rules and regulations.  Petitioner's request is therefore denied.

Accordingly, the following order is entered:

AND NOW, this 3d day of March, 2015;

Upon consideration of the Petitioner's motion for the appointment of counsel (ECF No. 7), **IT IS HEREBY ORDERED** that the motion is **DENIED**.  **IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing (ECF No. 8) is **DENIED WITHOUT PREJUDICE**, his motion for a preliminary injunction and/or motion for temporary restraining order (ECF No. 9) is **DENIED**, and his motion for rule to show cause (ECF No. 10) is **DENIED**.

/s/ Lisa Pupo Lenihan

Lisa Pupo Lenihan
U.S. Magistrate Judge

cc: **BLAINE CARVER**
LD-9340
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698