# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAINE CARVER, | ) | |
| | ) | Civil Action No. 15 – 26 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pup Lenihan |
| | ) | |
| PA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Blaine Carver is a state prisoner who has filed with the Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 5.) In the Petition, Carver asserts that since October 2011, the Department of Corrections ("DOC") has fraudulently withdrawn funds from his inmate account to pay his court fines, costs and restitution. Specifically, he claims that there is no court order in existence which authorizes the DOC to make deductions from his inmate account to pay such fees and that had such an order existed he was required to receive a post-sentence "ability to pay" hearing in satisfaction of his due process rights, which he did not receive. He seeks an order directing the DOC to cease deducting funds and to reimburse him in the amount of the funds that have already been deducted. For the reasons stated herein, the Petition will be dismissed because it fails to assert a claim cognizable under 28 U.S.C. § 2254.

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Learner v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of

the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also 28 U.S.C. § 2254(a) (providing that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison conditions. Preiser, 411 U.S. at 499. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Learner, 288 F.3d at 542.

Here, a ruling in Carver's favor would not change either the fact or duration of his conviction or sentence. Instead, Carver's challenge is related to the conditions of his confinement, and his remedy lies in a civil rights suit under 42 U.S.C. § 1983.[1] Clearly, "no matter what the outcome of [Carver's] habeas petition, neither the fact nor the length of his incarceration will be affected." Bronson v. Demming, 56 F. App'x 551, 553-54 (3d Cir. 2002). Consequently, relief is unavailable to Carver and his federal habeas petition should be dismissed for failing to raise a claim cognizable under 28 U.S.C. § 2254.[2]

---

[1] Carver does not challenge the fact of his court fines, costs or restitution. He simply challenges the manner in which they are being paid, a condition that is related to his confinement.

[2] There is some precedent in the Third Circuit for allowing a federal prisoner to challenge the conditions of his confinement under the habeas corpus statutes. See Woodall v. Fed. Bureau of

Finally, a certificate of appealability will be denied because jurists of reason would not find it debatable whether Carver has stated a cognizable federal habeas claim.  See e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000) (explaining standard for grant of certificate of appealability where court does not address petition on the merits but on some procedural basis).  A separate order will issue.

Dated:  May 6, 2015.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Blaine Carver
    LD-9340
    SCI Houtzdale
    P.O. Box 1000
    Houtzdale, PA  16698

    Counsel of record

---

Prisons, 432 F.3d 235 (3d Cir. 2006).  That precedent, however, applies only to federal prisoners. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).